BILAL A. ESSAYLI
Acting United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JOHNPAUL LECEDRE (Cal. Bar No. 303100)
Assistant United States Attorney
Post-Conviction and Special Litigation Section
1400 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-4447
Facsimile: (213) 894-0142
E-mail: johnpaul.lecedre@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD TONEY, et al.,<br><br>CLARENCE TONEY (2),<br><br>Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Plaintiff. | No. 2:85-cr-00602-UA-2<br><br>GOVERNMENT'S RESPONSE IN SUPPORT TO DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER FRCRP RULE 35(B); EXHIBITS A, B |

Plaintiff, UNITED STATES OF AMERICA, by and through its counsel of record, the Acting United States Attorney for the Central District of California, hereby files this Response in Support the Request for Sentence Reduction pursuant to Federal Rule of Criminal Procedural Rule 35(b) filed by Clarence Toney. (docket number ("Dkt.") 76).

//

//

This Response in Support is based on the attached memorandum of points and authorities, the files and records in this case, attached exhibits, and such other evidence or argument as may be requested by the Court.

Dated: October 23, 2025

Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

*/s/ JohnPaul LeCedre*
JOHNPAUL LECEDRE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Clarence Toney, REG: 19317-101 ("Defendant") has been in continuous custody since July of 1982—more than 43 years. In January of 2025, the District of New Jersey, with the government's express waiver of the "old" Rule 35(b) time limit, granted Defendant's motion and reduced his New Jersey sentence to time served. The only sentence that remains is the concurrent term imposed by this Court.

The applicable legal framework is identical. Because Toney's offenses predate November 1, 1987, the former Rule 35(b) governs. That rule authorizes the Court, upon the government's waiver of the 120-day time limit, to reduce a lawfully imposed sentence where continued incarceration serves no meaningful sentencing purpose. The government hereby offers its waiver to the 120-day time limit. Toney's four decades in custody, his age, and his instructional record demonstrate that further confinement would not advance the goals of 18 U.S.C. § 3553(a).

Based on the unusual and extraordinary circumstances presented here, including the relief already granted in the District of New Jersey, this Court should accept the government's waiver and grant the pending motion and reduce Defendant's remaining sentence to time served.

## II. BACKGROUND

Defendant has been in continuous custody since his arrest in July of 1982. Gov't Resp. in United States v. Toney, Cr. No. 83-17 ("D.N.J."), Jan. 21, 2025, at 1. In April of 1983, a jury in the district of New Jersey convicted him of armed bank robbery, and he was sentenced to 25 years' imprisonment, consecutive to state terms

being served in Pennsylvania. See, D.N.J., Judgement, June 3, 1983. In 1985, this Court imposed a concurrent 20-year sentence for bank robbery. See United States v. Toney, Cr. No. 85-602-MRE (C.D. Cal.).

For more than 38 years, Toney remained in Pennsylvania state custody, with that time credited solely toward his state sentences. Gov't Resp. in D.N.J., Jan. 21, 2025, at 3. In September of 2019, after parole by Pennsylvania authorities, he entered federal custody, where his time began to run against his New Jersey and California federal sentences. See Def. Mot. at 2-3.

Toney is now 70 years old. Gov't Resp. in D.N.J. at 1. Since entering federal custody in 2019, he has maintained a clean disciplinary record, worked as a steamfitter, and participated in educational programming. Id., at 4. The United States Attorney in New Jersey acknowledged that these facts, combined with his advanced age, make it "very unlikely that he will present a danger to the community if released." Ex. A.

On January 23, 2025, the Honorable Edward S. Kiel of the District of New Jersey granted Defendant's Rule 35(b) motion, following the government's express waiver of the 120-day limit. See D.N.J. Order, ECF No. 86 (Jan 23, 2025). That relief left this Court's sentence as the only remaining term of imprisonment.

**III. LEGAL STANDARD**

**A. Federal Rule of Criminal Procedure 35(b) (Pre-1987)**

Because Defendant's offenses predate November 1, 1987, the former version of Federal Rule of Criminal Procedure 35(b) applies. That rule authorized a district court to "reduce a sentence" within 120 days of its imposition or affirmance. Fed. R. Crim. P. 35(b) (pre-1987). As the courts of appeal have recognized, a motion under

former Rule 35(b) "is essentially a plea for leniency which offers the sentencing court an opportunity to temper its original sentence when presented with considerations appealing to its compassion." United States v. Distasio, 820 F.2d 20, 24 (1st Cir. 1987); see also United States v. Thayer, 857 F.2d 1358, 1360 (9th Cir. 1988) (Rule 35(b) authorized reduction of lawfully imposed sentences deemed unduly harsh).

Although early precedent treated the 120-day limit as jurisdictional, see United States v. Addonizio, 442 U.S. 178, 189 (1979), the Supreme Court has since clarified that rules not derived from statute are non-jurisdictional claim-processing rules that may be waived. Hamer v. Neighborhood Hous. Servs. Of Chi., 583 U.S. 17, 19-20 (2017); United States v. Kwai Fun Wong, 575 U.S. 402, 410 (2015). Under that reasoning, former Rule 35(b)'s 120-day limit does not constrain this Court's adjudicatory authority and may be waived by the government. See Fort Bend Cnty. V. Davis, 587 U.S. 541, 548-550. (2019) (distinguishing jurisdictional rules from claim-processing rules).

Accordingly, once the government waives the time bar in this case, this Court retains discretion to reduce a lawfully imposed sentence where further confinement would be unduly harsh or unnecessary. See Thayer, 857 F.2d at 1360 (purpose of Rule 35(b) is to afford sentencing judges an opportunity to reconsider the sentence in light of any further information).

**B. The Court Has Discretion to Reduce the Sentence Once the Waiver Is Accepted**

With the government's waiver of the 120-day limit, this Court has full authority to reach the merits of Defendant's Rule 35(b)

motion. The Ninth Circuit has consistently described a Rule 35(b) motion as an invitation to the sentencing judge to reconsider the lawfulness and fairness of a previously imposed sentence in light of subsequent developments. Thayer, 857 F.2d at 1360. (Rule 35(b) permits the court to reflect upon whether the original sentence has become unduly harsh); United States v. Smith, 650 F.2d 206, 208 no. 5 (9th Cir. 1981) (grant or denial of Rule 35 motion is within the discretion of the district court judge).

That discretion is broad, though not unbounded. The Court may not impose a sentence lower than what the statute permits, but it may reduce a lawfully imposed sentence to reflect the subsequent considerations such as disparity, rehabilitation, or the passage of time. See Thayer, 857 F.2d at 1360 (purpose is to allow the sentencing court to reconsider in light of any further information that has emerged since sentencing). Other courts applying the former Rule 35(b) have used the provision as a mechanism to grant relief when compassionate release was unavailable but the equities supported it. See, e.g., United States v. Redwine, No. 3:87-cr-70, 2020 WL 6829848, at *3 (E.D. Va. Nov 20, 2020). Courts entertaining such a motion should make a determination under its discretion pursuant to the statutory purposes of sentencing consistent with 18 U.S.C. § 3553(a). The Court, therefore, retains its discretion to reduce Defendant's sentence to time served.

**C. Effect of Judicial Unavailability**

Although the judge who imposed the original sentence in this case is deceased, that fact does not limit this Court's ability to

resolve the pending motion.[1] Under Federal Rule of Criminal Procedure 25(b), when a sentencing judge is unable to perform the duties required" because of death or other disability, another judge of the same court may act in that judge's place. Accordingly, reassignment of this matter to another judge in the Central District of California is authorized and appropriate.

## IV. ARGUMENT

The government here requests that the Court accept its offer to waive the 120-day time bar. Once the time bar is deemed waived, the Court may exercise its discretion under Rule 35(b) to reduce the sentence that has become unduly harsh. Thayer, 857 F.3d at 1360. Defendant's circumstances warrant such relief.

### A. Sentencing Disparity

The national average sentencing for robbery in 2019 was 109 months—less than ten years. Ex. B; U.S. Sentencing Comm'n, Annual Report, Table 15 (2019). Defendant has served more than forty-two years in continuous custody, nearly four times the national average and longer than the average term for homicide offenses. Id. That disparity illustrates that continued confinement is disproportionate.

### B. Age and Institutional Record

Defendant is 70 years old. The Sentencing Commission and the Department of Justice's Office of the Inspector General have repeatedly recognized that inmates of advanced age present a substantially reduced risk of reoffending. See U.S. Sentencing Comm'n, "The Effects of Aging on Recidivism Among Federal Offenders"

[1] The originally assigned judge in this matter was the Honorable District Court Judge Mariana R. Pfaelzer, who passed away in 2015.

(2017) (finding that recidivism rates for offenders over age 65 fall below five percent).

Since entering federal custody in 2019, Defendant has demonstrated the type of conduct that Rule 35(b) permits a sentencing court to consider. He has incurred no disciplinary infractions, he works as a steamfitter within the Bureau of Prisons, and he regularly participates in educational and rehabilitative programming. See Gov't Resp. in D.N.J., Jan 21, 2025, at 3. The government in New Jersey specifically concluded that given his age and record, "it is very unlikely that he will present a danger to the community if released." Id.

These facts show that further incarceration is unnecessary to achieve deterrence or protect the public. Defendant is no longer the 28-year-old who committed the robbery offenses; after more than four decades in custody, his post-offense rehabilitation and age together make clear that continued confinement does not advance legitimate penological goals.

**C. 18 U.S.C. § 3553(a) Factors**

The purposes of sentencing under 18 U.S.C. § 3553(a) have been satisfied. Defendant's lengthy incarceration reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. His four decades in custody more than achieve general and specific deterrence. And given his age and record, continued confinement is unnecessary to protect the public. As the government in New Jersey concluded, "continuing Toney's incarceration... does not serve the purposes of § 3553(a)." See Gov't Resp. in D.N.J., Jan 21, 2025, at 3.

**V. CONCLUSION**

For the reasons stated above, and consistent with the relief already granted in the District of New Jersey, this Court should grant Clarence Toney's motion under former Rule 35(b). The United States respectfully requests that the Court reduce the remaining sentence in this district to time served.